IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARIAN PAYNE, LATOYA STUART, SYLVIA MATTHEWS, and BILLY KELLY, | § § § § | |
| Plaintiffs, | § § | |
| V. | § § | No. 3:22-cv-2675-BN |
| RAYTHEON TECHNOLOGIES CORP., | § § § § | |
| Defendant. | § | |

**<u>MEMORANDUM OPINION AND ORDER AND NOTICE OF DEFICIENCY</u>**

The remaining four Plaintiffs, Billy Kelly, Sylvia Matthews, Marian Payne, and Latoya Stuart, seek the deposition testimony of Defendant Raytheon Company under Federal Rule of Civil Procedure 30(b)(6).

As most recently amended, Rule 30(b)(6) requires that, "[b]efore or promptly after the notice or subpoena is served, the serving party and the organization must confer in good faith about the matters for examination." FED. R. CIV. P. 30(b)(6). The Advisory Committee Notes to the amended provision explain that "[t]he process of conferring may be iterative"; that, "[c]onsistent with [Federal Rule of Civil Procedure] 1, the obligation is to confer in good faith about the matters for examination, but the amendment does not require the parties to reach agreement"; and that, "[i]n some circumstances, it may be desirable to seek guidance from the court."

The parties' counsel conferred on September 19, 2024 as to Plaintiffs' Amended

Notice of Intent to Take the Oral Deposition of a Corporate Representative, which included 82 topics. The parties' counsel agreed on 5 topics, and Plaintiffs removed 5 topics.

And, now, Raytheon's Motion for Protection Regarding Plaintiffs' Proposed Rule 30(b)(6) Deposition Topics [Dkt. No. 135] presents its objections to the remaining 72 topics for the Court's resolution through a 103-page joint report filed as the Court's Standing Order on Discovery and Other Non-Dispositive Motions [Dkt. No. 115] requires. *See* Dkt. No. 135-1.

The Court has laid out the standards that govern a Federal Rule of Civil Procedure 26(c) motion for protective order will not repeat those standards here. *See McKinney/Pearl Rest. Partners, L.P. v. Metro. Life Ins. Co.*, 322 F.R.D. 235, 242-45 (N.D. Tex. 2016).

Under Federal Rules of Civil Procedure 30(b)(1) and 30(b)(6), "[a] party who wants to depose a person by oral questions must give reasonable written notice to every other party," and, "[i]n its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination." FED. R. CIV. P. 30(b)(1), 30(b)(6).

The United States Court of Appeals for the Fifth Circuit has explained in this context of a Federal Rule of Civil Procedure 30(b)(6) deposition of a corporate representative that "Rule 30(b)(6) is designed to avoid the possibility that several officers and managing agents might be deposed in turn, with each disclaiming

personal knowledge of facts that are clearly known to persons within the organization and thus to the organization itself." *Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 432-33 (5th Cir. 2006) (cleaned up).

"Therefore, the deponent must make a conscientious good-faith endeavor to designate the persons having knowledge of the matters sought by [the party noticing the deposition] and to prepare those persons in order that they can answer fully, completely, unevasively, the questions posed ... as to the relevant subject matters." *Id.* at 433 (cleaned up).

And "[t]he duty to present and prepare a Rule 30(b)(6) designee goes beyond matters personally known to that designee or to matters in which that designee was personally involved. The deponent must prepare the designee to the extent matters are reasonably available, whether from documents, past employees, or other sources." *Id.* (cleaned up).

"For Rule 30(b)(6) to effectively function, the requesting party must take care to designate, with painstaking specificity, the particular subject areas that are intended to be questioned, and that are relevant to the issues in dispute." *Dennis v. United States*, No. 3:16-cv-3148-G-BN, 2017 WL 4778708, at *7 (N.D. Tex. Oct. 23, 2017) (cleaned up).

And, so, "Rule 30(b)(6) requires that a party seeking to depose an organization 'must describe with reasonable particularity the matters for examination.'" *Id.* (quoting FED. R. CIV. P. 30(b)(6)). "Otherwise, an overly broad Rule 30(b)(6) notice may subject the noticed party to an impossible task. If the noticed organization

cannot identify the outer limits of the areas of inquiry noticed, compliant designation is not feasible." *Id.* (cleaned up).

With those standards in mind, the Court first notes that it has rarely seen anywhere close to this many proposed Rule 30(b)(6) topics. And, even accounting for Plaintiffs' counsel's agreements to remove topics regarding retaliation and to limit the temporal scope of their requests to five years (where applicable), some of the topics apparently are focused on Heather Davis's claims – but Ms. Davis has settled and been dismissed from the case since the time that the attorneys conferred.

On many topics, Raytheon agrees to present a representative on a narrower, more specifically stated topic, and Plaintiffs agree to that revised topic but suggest the Court should overrule the objections – which Raytheon often makes "[s]ubject to and without waiving the foregoing objections." *See generally VeroBlue Farms USA Inc. v. Wulf*, 345 F.R.D. 406, 419, 442 (N.D. Tex. 2021) (responding "subject to and without waiving objections" is a practice "that attorneys must stop").

It is apparent that the parties can and should agree to a much shorter, narrowed list of topics that incorporates the matters on which the parties have landed on agreement and the matters that Plaintiffs have agreed to remove or narrow and that drops objections that Raytheon is not standing on in agreeing to a narrower topic. And doing so will result in a smaller set of disputes for the Court to resolve.

A Rule 30(b)(6) representative's deposition is subject to Federal Rule of Civil Procedure 30(d)(1)'s 7-hour limit. Even if, as the Federal Rule of Civil Procedure 30 Advisory Committee Notes suggest, "[f]or purposes of [Rule 30(d)(1)'s] durational

limit, the deposition of each person designated under Rule 30(b)(6) should be considered a separate deposition," realistic time constraints apply to a defendant's Rule 30(b)(6) deposition. And this case presents the specific employment claims of four individuals who – whether terminated (as Plaintiffs contend) or not selected for a particular, permanent position after their limited-term position was eliminated (as Raytheon insists) – were not selected for a Sr. Coordinator Finance Support.

While the Court understands that Plaintiffs seek punitive damages, Raytheon's processes for interviewing and selecting a broad range of positions that these four Plaintiffs never applied to; the pay and qualifications of everyone in an accounting role (even at just one facility) or human resource representatives or who made the final decision not to select Plaintiffs for the Sr. Coordinator Finance Support role at issue; the job description for positions posted in years before these four Plaintiffs were ever employed by or applied to Raytheon; the training and pay of managers or those who sought management positions (which Plaintiffs did not); and broad-ranging topics seeking general information about which Plaintiffs can say only that it would be "helpful background and context for the jury" or that "the information relates to the prophylactic purpose of the Civil Rights Act of 1866" are, as examples, at the least not proportional to the needs of the case for Federal Rule of Civil Procedure 26(b)(1)'s purposes.

The parties' counsel are directed to confer again and file an Amended Joint Report Regarding Discovery Dispute that accomplishes what the Court laid out above (but does not add entirely new topics or objections) by **Tuesday, December 17, 2024**,

SO ORDERED.

DATED: December 6, 2024

                                                           _____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE